## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **COSMO CLARK, Individually and For Others Similarly Situated,** | **Case No. 4:20-cv-02620** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |
| **CONTRACT LAND STAFF, LLC,** | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendant.** | |

## ORIGINAL CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1.      Cosmo Clark (Clark or Plaintiff) brings this lawsuit to recover unpaid overtime wages and other damages from Contract Land Staff, LLC (CLS) under the Fair Labor Standards Act, (FLSA), Iowa Wage Payment Collection Law (IWPCL), and Wisconsin wage and hour laws (Wisconsin laws).

2.      Clark and the other workers like him regularly worked for CLS in excess of 40 hours each week.

3.      But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

4.      Instead of paying overtime as required by the FLSA, CLS paid these workers a daily rate with no overtime pay and improperly classified them as exempt.

5.      Plaintiff worked with numerous individuals who performed similar job duties and were subjected to the same illegal compensation practices which denied Plaintiff overtime as required by the FLSA, IWPCL, and Wisconsin law. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers who worked for CLS.

## II.   JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b). The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law class pursuant to 28 U.S.C. § 1367.

7.      Venue is proper under 28 U.S.C. §§ 1391 (b) and (c) because CLS operates in this District and Division and because a substantial part of the events giving rise to this claim occurred in this District and Division.

8.      CLS is headquartered in this District in Sugarland, Texas.

## III.   THE PARTIES

9.      Clark worked for CLS from January 2018 until June 2018 as a Right of Way Agent.

10.     Throughout his employment, CLS paid Clark a flat daily rate for each day worked regardless of the total hours worked in a workweek ("day rate pay plan").

11.     Clark's consent to be a party plaintiff is attached as Exhibit A.

12.     Clark brings this action on behalf of himself and all other similarly situated workers who were paid by CLS's day-rate system.  CLS paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

13.     The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All Right of Way Agents who worked for, or on behalf of, CLS who were paid a day rate with no overtime in the past three years.** ("FLSA Class Members").

14.     Clark also seeks class certification of a class under Fed. R. Civ. P. 23 under the Iowa Wage Payment Collection Law, defined as follows:

2

**All Right of Way Agents who worked for, or on behalf of, CLS in Iowa who were paid a day rate with no overtime in the past three years.** ("Iowa Class Members").

15.     Clark also seeks class certification of a class under Fed. R. Civ. P. 23 under Wisconsin wage and hour laws, defined as follows:

**All Right of Way Agents who worked for, or on behalf of, CLS in Wisconsin who were paid a day rate with no overtime in the past three years.** ("Wisconsin Class Members").

16.     The members of the FLSA Class, Iowa Class, and Wisconsin Class can be readily ascertained from CLS's records.

17.     Collectively, the FLSA Class Members, Iowa Class Members, and Wisconsin Class Members are referred to as the Day Rate Workers.

18.     Contract Land Staff, LLC is a Delaware corporation and may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## IV.    COVERAGE UNDER THE FLSA

19.     At all times hereinafter mentioned, CLS has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20.     At all times hereinafter mentioned, CLS has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21.     At all times hereinafter mentioned, CLS has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

22.     At all times hereinafter mentioned, Plaintiff and the Day Rate Workers were engaged

3

in commerce or in the production of goods for commerce.

## V.   FACTS

23.     CLS is an independent Right of Way and Land Management Consulting company that provides Right of Way project management, title, permitting & acquisition, employee training, staffing, and regulatory consultation regarding FERC. *See* http://www.contractlandstaff.com/ (last visited July 22, 2020).

24.     CLS operates throughout the United States, including Texas, Wisconsin, and Iowa. To complete its business objectives, CLS hires personnel, such as Clark, to perform landman services.

25.     For example, Clark worked for CLS in Wapello County, Iowa and Lafayette County, Wisconsin.

26.     CLS's Right of Way Agents are required to assist CLS's customers in securing title, signing leases, communicating with third parties regarding land acquisitions, and serving as the liaison between landowners and CLS's clients.

27.     These workers make up the proposed collective of Day Rate Workers. While exact job titles and job duties may differ,[1] these employees are subjected to the same or similar illegal pay practices for similar work.

28.     Throughout his employment with CLS, CLS paid him on a day rate basis.

29.     Clark and the Day Rate Workers work for CLS under its day rate pay scheme.

30.     Clark and the Day Rate Workers do not receive a salary.

31.     If Clark and the Day Rate Workers did not work, they did not get paid.

32.     Clark and the Day Rate Workers receive a day rate.

33.     Clark and the Day Rate Workers do not receive overtime pay.

---

[1] Other related job titles include: Landman, Title Abstracter, and Land Agent.

34.     This is despite the fact Clark and the Day Rate Workers often worker 10 or more hours a day, for 7 days a week, for weeks at a time.

35.     For example, Clark received a day rate for each day he worked for CLS.

36.     Although he typically worked 6 days a week, for 10 or more hours a day, he did not receive any overtime pay.

37.     Clark and the Day Rate Workers received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

38.     Clark and the Day Rate Workers are not employed on a salary basis.

39.     Clark and the Day Rate Workers do not, and never have, received guaranteed weekly compensation from CLS irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

40.     Clark and the Day Rate Workers work in accordance with the schedule set by CLS and/or its clients.

41.     Clark's work schedule is typical of the Day Rate Workers.

42.     CLS controls Clark and the Day Rate Workers' pay.

43.     Likewise, CLS and/or its clients control Clark and the Day Rate Workers' work.

44.     CLS requires Clark and the Day Rate Workers to follow CLS and/or its clients' policies and procedures.

45.     Clark and the Day Rate Workers' work must adhere to the quality standards put in place by CLS and/or its clients.

46.     Clark and the Day Rate Workers are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

47.     As a Land Representative, Clark was responsible for reviewing public records to determine property ownership, adhering to safety standards and procedures, documenting communication with landowners, and reviewing easements.

48.     All CLS's Day Rate Workers perform similar duties, reviewing easement agreements and proof of title, ensuring work is done according to established safety guidelines, specifications, and restrictions.

49.     Clark and the Day Rate Workers provide documents related to land acquisition and easement agreements to CLS (and/or its clients') personnel.

50.     At all relevant times, CLS and/or its clients maintained control over Clark and the Day Rate Workers via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

51.     Clark and the Day Rate Workers do not have the power to hire or fire any employees.

52.     Clark's working relationship with CLS is similar CLS's relationship with its other Day Rate Workers.

53.     CLS knew Clark and the Day Rate Workers worked more than 40 hours in a week.

54.     CLS knew, or showed reckless disregard for, whether the Day Rate Workers were entitled to overtime under the FLSA, Iowa Wage Payment Collection Law, and Wisconsin wage and hour laws.

55.     Nonetheless, CLS failed to pay Clark and the Day Rate Workers overtime.

56.     CLS willfully violated the FLSA, Iowa Wage Payment Collection Law, and Wisconsin wage and hour laws.

### VI.     FLSA VIOLATIONS

57.     By failing to pay Clark and those similarly situated to him overtime at one-and-one-half times their regular rates, **CLS** violated the FLSA's overtime provisions.

58.     **CLS** owes Clark and those similarly situated to him the difference between the rate

actually paid and the proper overtime rate.

59.     Because **CLS** knew, or showed reckless disregard for whether, its pay practices violated the FLSA, **CLS** owes these wages for at least the past three years.

60.     **CLS** is liable to Clark and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

61.     Clark and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## VII.    IWPCL ALLEGATIONS

62.     CLS is subject to the overtime requirements of the IWPCL because CLS is an employer under I.C.A. § 91A.2(4).

63.     During all relevant times, Clark and the Iowa Class were covered employees entitled to the above-described IWPCL's protections.  See I.C.A. § 91A.2(3).

64.     CLS's compensation scheme that is applicable to Clark and the Iowa Class failed to comply with I.C.A. § 91A.3(1) and I.C.A. § 91A.3(6).

65.     At all relevant times, CLS was subject to the requirements of the IWPCL.

66.     At all relevant times, CLS employed Clark and each Class Member with Iowa state law claims as an "employee" within the meaning of the IWPCL.

67.     The IWPCL requires employers like Defendant to pay wages, including overtime pay, at "least in monthly, semimonthly, or biweekly installments on regular paydays which are at consistent intervals from each other and which are designated in advance by the employer."  I.C.A. § 91A.3(1).

68.     Defendant has and had a policy and practice of misclassifying Clark and each member of the Iowa Class as exempt from overtime pay and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

69.     Clark and each member of the Iowa Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

70.     Clark and each member of the Iowa Class seek overtime pay for time spent traveling between worksites during working hours. I.C.A. § 91A.13.

71.     Clark and each member of the Iowa Class seek reimbursements for expenses incurred. I.C.A. § 91A.3(6).

72.     CLS intentionally failed to pay Clark and the Iowa Class's overtime pay and/or expense reimbursements. I.C.A. § 91A.8.

73.     Clark and each member of the Iowa Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the IWPCL.

## VIII.   WISCONSIN WAGE LAW ALLEGATIONS

74.     Clark and each member of the Iowa Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the IWPCL.

75.     Clark brings this claim under the Wisconsin wage laws as a Rule 23 class action.

76.     The conduct alleged violates Wis. Stat. § 109.01, *et seq*.

77.     At all relevant times, CLS was subjected to the requirements of the Wisconsin wage laws.

78.     At all relevant times, CLS employed Clark and Wisconsin Class Members.

79.     The Wisconsin wage laws requires employers like **CLS** to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Clark and each member of the Wisconsin Class are entitled to overtime pay under the Wisconsin Wage Acts.

80.     CLS had a policy and practice of failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

81.     Clark and each member of the Wisconsin Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

82.     Clark and each member of the Wisconsin Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by CLS, as provided by the Wisconsin wage laws.

## IX.     CLASS AND COLLECTIVE ACTION ALLEGATIONS

83.     Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on the Day Rate Workers.

84.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, IWPCL, and Wisconsin wage laws.

85.     Numerous other individuals who worked with Plaintiff indicated they were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

86.     Based on his experiences and tenure with Defendant, Plaintiff is aware that Defendant's illegal practices were imposed on the Day Rate Workers.

87.     The Day Rate Workers were all improperly classified as independent contractors and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

88.     Defendant's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Workers.

89.     Plaintiff's experiences are therefore typical of the experiences of the Day Rate Workers.

90.     The specific job titles or precise job locations of the Day Rate Workers do not prevent class or collective treatment.

91.     Plaintiff has no interest contrary to, or in conflict with, the Day Rate Workers. Like each Day Rate Worker, Plaintiff has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

92.     A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

93.     Absent this action, many Day Rate Workers likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA and applicable state labor laws.

94.     Furthermore, even if some of the Day Rate Workers could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

95.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

96.     The questions of law and fact common to the Day Rate Workers predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

> a.     Whether Defendant employed the Day Rate Workers within the meaning of the applicable state and federal statutes, including the FLSA, IWPCL, and Wisconsin wage laws;
>
> b.     Whether the Day Rate Workers were improperly misclassified as independent contractors;
>
> c.     Whether Defendant's decision to classify the Day Rate Workers as independent contractors was made in good faith;

    d.    Whether Defendant's decision to not pay time and a half for overtime to the Day Rate Workers was made in good faith;

    e.    Whether Defendant's violation of the FLSA, IWPCL, and Wisconsin wage laws was willful; and

    f.    Whether Defendant's illegal pay practices were applied uniformly across the nation to all Day Rate Workers.

97.    Plaintiff's claims are typical of the claims of the Day Rate Workers. Plaintiff and the Day Rate Workers sustained damages arising out of Defendant's illegal and uniform employment policy.

98.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

99.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

### JURY DEMAND

100.    Plaintiff demands a trial by jury.

### RELIEF SOUGHT

101.    WHEREFORE, Plaintiff prays for judgment against CLS as follows:

    a.    An Order designating the FLSA Class Members as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all FLSA Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b.    For an Order pursuant to Section 16(b) of the FLSA finding CLS liable for

unpaid back wages due to Clark and the FLSA Class Members for liquidated damages equal in amount to their unpaid compensation;

c.  An Order certifying a Rule 23 class action on behalf of all Right of Way Agents who worked for CLS in Iowa;

d.  An Order certifying a Rule 23 class action on behalf of all Right of Way Agents who worked for CLS in Wisconsin;

e.  Judgment awarding Plaintiff unpaid back wages and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

f.  Judgment awarding Clark and the Iowa Class all unpaid overtime and other damages available under the IWPCL;

g.  Judgment awarding Clark and the Wisconsin Class all unpaid overtime and other damages available under the Wisconsin wage laws;

h.  For an Order awarding Clark and the Day Rate Workers their costs of this action;

i.  For an Order awarding Clark and the Day Rate Workers their reasonable attorneys' fees and expenses as provided by the FLSA and IWCPL;

j.  Pre- and post-judgment interest at the highest rate allowable by law; and

k.  All such other and further relief to which Plaintiff and the other Landmen may show themselves to be justly entitled.

Respectfully Submitted,

By: /s/ Michael A. Josephson
    **Michael A. Josephson**
    Fed. ID No. 27157
    State Bar No. 24014780
    **Andrew W. Dunlap**
    Fed. ID No. 1093163
    State Bar No. 24078444
    **Carl A. Fitz**
    Fed. ID No. 3158237
    State Bar No. 24105863
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    Tel: (713) 352-1100
    Fax: (713) 352-3300
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    cfitz@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Fed. ID No. 21615
    State Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    Tel: (713) 877-8788
    Fax: (713) 877-8065
    rburch@brucknerburch.com

**ATTORNEYS IN CHARGE OF PLAINTIFFS AND THE PUTATIVE CLASS MEMBERS**