UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COSMO CLARK, Individually and for Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CONTRACT LAND STAFF, LLC,<br><br>*Defendant*. | § § § § § § § § § § § § CIVIL ACTION NO. 4:20-cv-02620 |

**DEFENDANT CONTRACT LAND STAFF, LLC'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Contract Land Staff, LLC ("CLS") files this Original Answer in response to Plaintiff Cosmo Clark's ("Plaintiff") Original Class Action and Collective Action Complaint ("Complaint"), denies that it has violated the Fair Labor Standards Act ("FLSA"), the Iowa Wage Payment Collection Law ("IWPCL"), and Wisconsin wage and hour laws ("Wisconsin Wage Laws"), or is otherwise subject to liability to Plaintiff for the claims asserted in the Complaint, and denies that there is an appropriate class of similarly situated individuals for this action to proceed as a collective or class action.

**I.   SUMMARY**

1. As Complaint paragraph 1 merely summarizes Plaintiff's claims, no response is necessary. To the extent a response is necessary, CLS admits that Plaintiff purports to bring this action, on behalf of himself and "other workers like him," to recover alleged unpaid overtime wages and other damages under the FLSA, IWPCL, and Wisconsin Wage Laws. However, CLS denies that it has engaged in unlawful conduct, denies that Plaintiff is entitled to any relief, and denies that this action is appropriate as either a collective or class action.

1

2. As Complaint paragraph 2 merely summarizes Plaintiff's claims, no response is necessary. To the extent a response is necessary, CLS denies the allegations in Complaint paragraph 2.

3. As Complaint paragraph 3 merely summarizes Plaintiff's claims, no response is necessary. To the extent a response is necessary, CLS admits that Clark and other Senior Right of Way Agents did not receive overtime in this exempt position.

4. As Complaint paragraph 4 merely summarizes Plaintiff's claims, no response is necessary. To the extent a response is necessary, CLS denies the allegations in Complaint paragraph 5.

5. As Complaint paragraph 5 merely summarizes Plaintiff's claims, no response is necessary. To the extent a response is necessary, CLS denies the allegations in Complaint paragraph 5.

## II. JURISDICTION AND VENUE

6. Complaint paragraph 6 contains conclusions of law to which no response is necessary. To the extent a response is necessary, CLS admits this Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1331 based on Plaintiff's FLSA claims and 28 U.S.C. § 1367 based on Plaintiff's state law claims, if Plaintiff's allegations are true, but CLS denies that it has violated the FLSA, IWPCL, or Wisconsin Wage Laws, committed any wrongdoing, or that a collective or class action is appropriate. CLS further denies that Plaintiff's putative state law class actions meet the jurisdictional requirements of 28 U.S.C. § 1332(d).

7. Complaint paragraph 7 contains conclusions of law to which no response is necessary. To the extent a response is necessary, CLS admits that venue is proper in this judicial

district based on Plaintiff's claims, but otherwise denies that it has violated the FLSA, IWPCL, or Wisconsin Wage Laws, or committed any wrongdoing.

8. CLS admits the allegations in Complaint paragraph 8.

### III.   THE PARTIES

9. CLS denies the allegations in Complaint paragraph 9.

10. CLS denies the allegations in Complaint paragraph 10.

11. CLS admits that Plaintiff consents to be a party plaintiff as asserted in Complaint paragraph 11 and the attached Exhibit A, but otherwise denies that a class or collective action is appropriate.

12. CLS admits that Plaintiff purports to bring an FLSA collective action on behalf of himself and "all other similarly situated workers who were paid by CLS' day-rate system."  CLS denies that it has violated the FLSA, denies that this action should proceed as a collective action, denies that Plaintiff has asserted an appropriate class, and denies that such a class should be certified.  Therefore, CLS denies the allegations in Complaint paragraph 12, except as expressly admitted.

13. CLS admits that Plaintiff purports to bring an FLSA collective action on behalf of himself and the FLSA Class Members (as defined in Complaint paragraph 13).  CLS denies that it has violated the FLSA, denies that this action should proceed as a collective action, denies that Plaintiff has asserted an appropriate class, and denies that such a class should be certified.  Therefore, CLS denies the allegations in Complaint paragraph 13, except as expressly admitted.

14. CLS admits that Plaintiff purports to bring a class action claim under Federal Rule of Civil Procedure ("Rule") 23 and the IWPCL for "[a]ll Right of Way Agents who worked for, or on behalf of, CLS in Iowa who were paid a day rate with no overtime in the past three years."

CLS denies that it has violated the IWPCL, denies that this action should proceed as a class action, denies that Plaintiff has asserted an appropriate class, and denies that such a class should be certified. Therefore, CLS denies the allegations in Complaint paragraph 14.

15. CLS admits that Plaintiff purports to bring a class action claim under Rule 23 and Wisconsin Wage Laws for "[a]ll Right of Way Agents who worked for, or on behalf of, CLS in Wisconsin who were paid a day rate with no overtime in the past three years." CLS denies that it has violated the Wisconsin Wage Laws, denies that this action should proceed as a class action, denies that Plaintiff has asserted an appropriate class, and denies that such a class should be certified. Therefore, CLS denies the allegations in Complaint paragraph 15.

16. CLS denies the allegations in Complaint paragraph 16.

17. Complaint paragraph 17 contains allegations to which no response is necessary. To the extent a response is necessary, CLS denies that a class or collective action is appropriate.

18. CLS denies that it is a Delaware corporation, as CLS is a Delaware limited liability company. CLS admits the remainder of the allegations in Complaint paragraph 18.

### IV. COVERAGE

19. Complaint paragraph 19 states conclusions of law to which no response is necessary. To the extent a response is necessary, CLS admits the allegations in Complaint paragraph 19.

20. Complaint paragraph 20 states conclusions of law to which no response is necessary. To the extent a response is necessary, CLS admits the allegations in Complaint paragraph 20.

21. Complaint paragraph 21 states conclusions of law to which no response is necessary. To the extent a response is necessary, CLS admits the allegations in Complaint paragraph 21.

22. Complaint paragraph 22 states conclusions of law to which no response is necessary. To the extent a response is necessary, CLS admits that Plaintiff was engaged in commerce or in the production of goods for commerce, but denies the remaining allegations in Complaint paragraph 22. CLS further denies that it engaged in any unlawful conduct, that Plaintiff or any other alleged class member is entitled to any relief, and that this action is appropriate as a collective or class action.

## V. Facts

23. CLS admits the allegations in Complaint paragraph 23, but clarifies that CLS provides consulting on FERC-related projects as opposed to "regulatory consultation regarding FERC."

24. CLS admits the allegations in Complaint paragraph 24 regarding the specific states in which it operates, but denies the remainder of the allegations in Complaint paragraph 24.

25. CLS admits the allegations in Complaint paragraph 25.

26. CLS admits that it employs individuals as Right of Way Agents, but denies that Plaintiff's description of the role in Complaint paragraph 26 accurately or fully describes the essential duties and responsibilities of such employees. Except as expressly admitted, CLS denies the allegations in Complaint paragraph 26.

27. CLS denies the allegations in Complaint paragraph 27.

28. CLS denies the allegations in Complaint paragraph 28.

29. CLS denies the allegations in Complaint paragraph 29.

30. CLS denies the allegations in Complaint paragraph 30.

31. CLS denies the allegations in Complaint paragraph 31.

32. CLS denies the allegations in Complaint paragraph 32.

33. CLS admits the allegations in Complaint paragraph 33.

34. CLS denies the allegations in Complaint paragraph 34.

35. CLS denies the allegations in Complaint paragraph 35.

36. CLS denies the allegations in Complaint paragraph 36.

37. CLS denies the allegations in Complaint paragraph 37.

38. CLS denies the allegations in Complaint paragraph 38.

39. CLS denies the allegations in Complaint paragraph 39.

40. CLS admits that Plaintiff worked in accordance with the schedule set by CLS and/or its clients, but denies the remainder of the allegations in Complaint paragraph 40.

41. CLS denies the allegations in Complaint paragraph 41.

42. CLS denies the allegations in Complaint paragraph 42.

43. CLS denies the allegations in Complaint paragraph 43.

44. CLS admits that it required Plaintiff to follow CLS' policies and procedures, but denies the remainder of the allegations in Complaint paragraph 44.

45. CLS admits that Plaintiff was required to adhere to the quality standards put in place by CLS, but denies the remainder of the allegations in Complaint paragraph 45.

46. CLS denies the allegations in Complaint paragraph 46.

47. CLS denies the allegations in Complaint paragraph 47.

48. CLS denies the allegations in Complaint paragraph 48.

49. CLS denies the allegations in Complaint paragraph 49 to the extent they do not accurately reflect or fully describe the various roles and responsibilities of Plaintiff. Except as expressly admitted, CLS denies the allegations in Complaint paragraph 49.

50. CLS admits the allegations in Complaint paragraph 50 as it relates to Plaintiff and CLS only. Except as expressly admitted, CLS denies the allegations in Complaint paragraph 50.

51. CLS admits that Plaintiff did not have the power to hire or fire any employees. Except as expressly admitted, CLS denies the allegations in Complaint paragraph 51.

52. CLS denies the allegations in Complaint paragraph 52.

53. CLS denies the allegations in Complaint paragraph 53.

54. CLS denies the allegations in Complaint paragraph 54.

55. CLS denies the allegations in Complaint paragraph 55.

56. CLS denies the allegations in Complaint paragraph 56.

### VI. FLSA VIOLATIONS

57. CLS denies the allegations in Complaint paragraph 57.

58. CLS denies the allegations in Complaint paragraph 58.

59. CLS denies the allegations in Complaint paragraph 59.

60. CLS denies the allegations in Complaint paragraph 60.

61. CLS denies the allegations in Complaint paragraph 61.

### VII. IWPCL ALLEGATIONS

62. Complaint paragraph 62 states conclusions of law to which no response is necessary. To the extent a response is necessary, CLS denies that it is subject to the overtime requirements of the IWPCL with respect to Plaintiff or any class member. Except as expressly denied, CLS admits the allegations in Complaint paragraph 62.

63. CLS denies the allegations in Complaint paragraph 63.

64. CLS denies the allegations in Complaint paragraph 64.

65. Complaint paragraph 65 states conclusions of law to which no response is necessary. To the extent a response is necessary, CLS denies that it is subject to the requirements of IWPCL with respect to Plaintiff or any class member. Except as expressly denied, CLS admits the allegations in Complaint paragraph 65.

66. Complaint paragraph 66 states conclusions of law to which no response is necessary. To the extent a response is necessary, CLS denies that Plaintiff or any class member has state law claims under the IWPCL and further denies that this action should be maintained as a class action. Except as expressly denied, CLS admits the allegations in Complaint paragraph 66.

67. Complaint paragraph 67 states conclusions of law to which no response is necessary. To the extent a response is necessary, CLS denies that Plaintiff or any class member has state law claims under the IWPCL and further denies that this action should be maintained as a class action. Except as expressly denied, CLS admits the allegations in Complaint paragraph 67.

68. CLS denies the allegations in Complaint paragraph 68.

69. Complaint paragraph 69 contains allegations of the amount of damages to which no response is necessary. To the extent a response is necessary, CLS denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in Complaint paragraph 69.

70. Complaint paragraph 70 contains allegations of the amount of damages to which no response is necessary. To the extent a response is necessary, CLS denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in Complaint paragraph 70.

71. Complaint paragraph 71 contains allegations of the amount of damages to which no response is necessary. To the extent a response is necessary, CLS denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in Complaint paragraph 71.

72. CLS denies the allegations in Complaint paragraph 72.

73. CLS denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in Complaint paragraph 73.

### VIII. WISCONSIN WAGE LAW ALLEGATIONS

74. CLS denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in Complaint paragraph 74.

75. CLS admits that Plaintiff purports to bring a Rule 23 class action under Wisconsin Wage Laws, but CLS denies that it has violated the Wisconsin Wage Laws or that any purported class member is entitled to any relief under the Wisconsin Wage Laws, and further denies that this action should be maintained as a Rule 23 class action. Thus, except as expressly admitted, CLS denies the allegations in Complaint paragraph 75.

76. CLS denies the allegations in Complaint paragraph 76.

77. Complaint paragraph 77 states conclusions of law to which no response is necessary. To the extent a response is necessary, CLS denies that it is subject to the requirements of Wisconsin Wage Laws with respect to Plaintiff or any class member. Except as expressly denied, CLS admits the allegations in Complaint paragraph 77.

78. CLS denies that Plaintiff or any class member has state law claims under the Wisconsin Wage Laws and further denies that this action should be maintained as a class action. Except as expressly denied, CLS admits the allegations in Complaint paragraph 78.

79. CLS denies the allegations in Complaint paragraph 79.

80. CLS denies the allegations in Complaint paragraph 80.

81. Complaint paragraphs 81 and 82 contain allegations of the amount of damages to which no response is necessary. To the extent a response is necessary, CLS denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in Complaint paragraph 81.

82. CLS denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in Complaint paragraph 82.

### IX. CLASS AND COLLECTIVE ACTION ALLEGATIONS

83. CLS adopts and incorporates by reference all preceding Answer paragraphs and denies the allegations in Complaint paragraph 83.

84. CLS denies the allegations in Complaint paragraph 84.

85. CLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 85 and, therefore, denies the allegations.

86. CLS denies the allegations in Complaint paragraph 86.

87. CLS denies the allegations in Complaint paragraph 87.

88. CLS denies the allegation in Complaint paragraph 88.

89. CLS denies the allegations in Complaint paragraph 89.

90. CLS denies the allegations in Complaint paragraph 90.

91. CLS denies the allegations in Complaint paragraph 91.

92. Complaint paragraph 92 states conclusions of law to which no response is necessary. To the extent a response is required, CLS denies that this action should proceed as a class or collective action and, therefore, denies the allegations in Complaint paragraph 92.

93. CLS denies the allegations in Complaint paragraph 93.

94. CLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 94 and, therefore, denies the allegations.

95. CLS denies the allegations in Complaint paragraph 95 and further denies that this action may properly be maintained as a class or collective action, let alone promote judicial economy or provide for judicial consistency to certify it as such.

96. CLS denies that there are common questions of law and fact and denies the remaining allegations contained in Complaint paragraph 96 and any subparts. CLS further denies that it engaged in any unlawful conduct, that Plaintiff or any other alleged class member is entitled to any relief, and that this action is appropriate as a collective or class action.

97. CLS denies the allegations in Complaint paragraph 97.

98. CLS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint paragraph 98 and, therefore, denies the allegations.

99. CLS denies the allegations in Complaint paragraph 99.

## X. JURY DEMAND

100. Plaintiff has demanded a trial by jury for all issues of fact to which no response is necessary.

## XI. RELIEF SOUGHT

101. CLS denies that Plaintiff or anyone else is entitled to any damages or relief, including specifically the damages and relief requested in Complaint paragraph 101, subparts a-k.

## XII. GENERAL DENIAL

102. CLS denies all Complaint allegations that it does not specifically admit.

## XIII. AFFIRMATIVE AND OTHER DEFENSES

CLS alleges on information and belief and asserts the following distinct and separate defenses in response to the allegations in the Complaint, as well as against members of the purported collective and class actions, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

103. Plaintiff's Complaint, in whole or in part, fails to state a claim against CLS upon which relief can be granted and should therefore be dismissed.

104. Plaintiff's claims, or the claims he seeks to assert on behalf of others, must fail to the extent that they are barred by the applicable statute of limitations. The statute of limitations under the FLSA is two years, unless Plaintiff can prove a willful violation (in which case the statute of limitations is three years). Plaintiff's claims do not arise out of a willful violation.

105. CLS did not willfully refuse or fail to pay Plaintiff or any putative collective or class action member in violation of any applicable provision of the FLSA or state wage and hour law. To the contrary, CLS paid Plaintiff and any putative collective or class action member in compliance with any applicable provision of the FLSA and/or state law, and at no time did CLS act to circumvent any obligations under the FLSA and/or state law. However, if CLS is found to have violated the FLSA and/or state law, which allegation CLS denies, CLS neither knew that its conduct violated the FLSA and/or state law, nor showed reckless disregard for whether its actions complied with the FLSA and/or state law. Consequently, CLS' actions were not "willful" and a two-year statute of limitations should apply pursuant to 29 U.S.C. § 255(a), thus barring Plaintiff's claims.

106. Any cause of action or claim for damages stated in Plaintiff's Complaint under the IWPCL and Wisconsin Wage Laws are barred by the applicable statute of limitations.

107. To the extent Plaintiff's claims or the claims of any putative collective or class action member are otherwise barred in whole or in part by the applicable statute of limitations, estoppel, waiver, unclean hands, laches, or by any other defense or affirmative defense, CLS asserts those defenses (including, without limitation, estoppel, waiver, and any other applicable defense for failure to disclose the claim in bankruptcy).

108. Plaintiff's claims and the claims of any class members under either the IWPCL or Wisconsin Wage Laws are preempted in whole or in part by federal law (including the FLSA).

109. Plaintiff's pay and the pay of any putative collective or class action member were at all times in compliance with applicable provisions of the FLSA, IWPCL, and Wisconsin Wage Laws.

110. If any overtime is owed, an allegation which CLS denies, such amounts are limited to half-time (one-half of Plaintiff's or the putative collective action member's regular rate of pay) because Plaintiff and the putative collective action members received their compensation for all hours worked.

111. Plaintiff's claims and the claims of each putative collective or class action member are barred because Plaintiff and the putative collective or class action members were exempt from the overtime requirements pursuant to one or more exemptions.

112. Plaintiff and each putative collective or class action member did not work in excess of 40 hours during some or all of the workweeks relevant to this lawsuit.

113. Any time for which Plaintiff or any putative collective or class action member allegedly was not compensated, if any, was *de minimis* and not compensable time worked as a matter of law.

114. To the extent Plaintiff or any putative collective or class action member was paid

for time for which he or she was not performing work for CLS or was on call, these amounts should not be included in the regular rate if any overtime is owed (which CLS denies).

115. The FLSA, IWPCL, and Wisconsin Wage Law claims of Plaintiff and any putative collective or class action member fail to the extent they lack sufficient evidence to prove, as a matter of just and reasonable inference, the amount and extent of the work they allegedly performed during their purported employment with CLS for which CLS did not properly compensate them.

116. If CLS is found to have failed to pay Plaintiff or any putative collective or class action member, which allegation CLS denies, any such amounts were based on hours worked without the knowledge or constructive knowledge of CLS.

117. Any of Plaintiff's or each putative collective or class action member's preliminary or postliminary activities are not compensable time worked as a matter of law.

118. If CLS is found to have failed to pay Plaintiff or any putative collective or class action member any amount due, which allegation CLS denies, any act or omission giving rise to such failure was in good faith, and CLS had reasonable grounds for believing that its act or omission did not violate the FLSA, IWPCL, or Wisconsin Wage Laws. Consequently, CLS is not liable for liquidated damages pursuant to 29 U.S.C. § 260.

119. Plaintiff's claims and the claims of any putative collective or class action member may be barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, to the extent that actions in connection with the compensation of Plaintiff or any putative collective or class action member were taken in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, opinion letters, and written and unwritten administrative practices or enforcement policies of the Administrator of

the Wage and Hour Division of the United States Department of Labor.

120.     This action cannot be maintained as a collective action because the requirements for such an action cannot be met with respect to the purported collective class definition pled.

121.     This action cannot be maintained as a collective action because the allegations, facts, and defenses relating to Plaintiff individually will not support a collective action.

122.     There is no class of persons similarly situated to Plaintiff with respect to the application of the FLSA and, therefore, this action may not be maintained as a collective action, nor is Court-facilitated notice proper pursuant to 29 U.S.C. § 216(b).

123.     Plaintiff's claims cannot be maintained as a collective action because Plaintiff is not an adequate collective action representative and issues pertaining to Plaintiff are not sufficiently particular to all putative collective action members.

124.     Plaintiff's claims and the claims of each putative collective action member are matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment pursuant to 29 U.S.C. § 216(b).

125.     Plaintiff's claims and the claims of any alleged class members against CLS are barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23.

126.     Plaintiff's claims on behalf of any alleged class members against CLS are barred, in whole or in part, because Plaintiff is not a proper class representative pursuant to Rule 23.

127.     Plaintiff has not satisfied and cannot satisfy, the requirements for certification of any type of class under the Federal Rules of Civil Procedure or state law, whichever may be applicable, and this action may not be properly maintained as any type of class action, collective action, or representative action because:

a. Plaintiff has failed to plead and cannot establish the necessary procedural elements and requirements for treatment as such an action and such treatment is neither appropriate nor constitutional;

b. Such an action is not an appropriate method for the fair and efficient adjudication of the claims described in Plaintiff's Complaint;

c. Common issues of fact or law which are of legal significance do not predominate and any common facts or law are insignificant compared to the individual facts and issues particular to Plaintiff and any putative class members he purports to represent;

d. Plaintiff is not similarly situated to any of the putative class members he purports to represent and his claims and defenses are not representative or typical of the claims and defenses of such alleged putative class members and the putative class members as described in the Complaint are not similarly situated to each other;

e. Plaintiff is not a proper class representative and lacks standing to assert the legal rights or interests of the putative class members he purports to represent;

f. Plaintiff is not an adequate representatives for any alleged putative classes because he is not able to fairly and adequately represent and protect the interests of all of the putative class members he purports to represent;

g. There is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the putative class members he purports to represent;

h. The number of putative class members is too small to meet the numerosity requirement or is not so large that joinder of the individual members would not

      be impractical; and

    i. Plaintiff's claims and the claims of putative class members are not proper for class or collective certification because neither a class nor collective action is superior to other available methods for fair and efficient adjudication of this matter.

128.    Thus, Plaintiff fails to satisfy the prerequisites for a class action under Rule 23.

129.    The adjudication of the claims of any putative collective or class action in this case though generalized classwide proof violates CLS' right to due process and right to trial by jury guaranteed by the United States and Texas Constitutions.

130.    Plaintiff cannot recover any damages or duplicative relief under state law to the extent that such damages or relief are duplicative of damages or relief realized through an FLSA claim.

131.    CLS reserves the right to rely upon such other defenses and affirmative defenses as may become available or apparent during discovery proceedings in this case.

## XIV. CONCLUSION

Therefore, CLS respectfully requests that this Court issue such orders and judgment as required to establish and provide that:

    a.    No collective action or class action certification be issued in this case;

    b.    Plaintiff's claims and, if a collective or class action is certified, the claims of all other collective action members who opt in to this case and class action members who do not opt out of this case be dismissed with prejudice;

    c.    Plaintiff and, if a collective or class action is certified, all other collective action members who opt in to and class action members who do not opt out of this case

       take nothing by this action; and

d.     CLS be granted all other relief to which it is entitled or for which this Court may deem just and proper.

Date: <u>August 18, 2020</u>

Respectfully submitted,

<u>/s/ Meghaan C. Madriz</u>
Meghaan C. Madriz
*Attorney-in-Charge*
mmadriz@mcguirewoods.com
Texas Bar No. 24070241
S.D. Tex. No. 1062431
MCGUIREWOODS LLP
600 Travis Street, Suite 7500
Houston, Texas 77002
(832) 255-6365 Telephone
(832) 214-9935 Facsimile

**OF COUNSEL:**

Sarah M. Holub
sholub@mcguirewoods.com
Texas Bar No. 24106108
S.D. Tex. No. 3479243
MCGUIREWOODS LLP
600 Travis Street, Suite 7500
Houston, Texas 77002
(832) 255-6323 Telephone
(832) 214-9923 Facsimile

**ATTORNEYS FOR DEFENDANT**
**CONTRACT LAND STAFF, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has served on all counsel of record in accordance with the Federal Rules of Civil Procedure using the ECF system on this 18th day of August 2020 as follows:

Michael A. Josephson
Fed. ID No. 27157
State Bar No. 24014780
Andrew W. Dunlap
Fed. ID No. 1093163
State Bar No. 24078444
Carl A. Fitz
Fed. ID No. 3158237
State Bar No. 24105863
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

AND

Richard J. (Rex) Burch
Fed. ID No. 21615
State Bar No. 24001807
BRUCKNER BURCH, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

***Attorneys for Plaintiff and the Putative Collective and Class Action Members***

                                             */s/ Meghaan C. Madriz*
                                             Meghaan C. Madriz

134186700v3