UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **COSMO CLARK, individually and on behalf of all others similarly situated** | § § § § | Case No. 4:20-cv-02620 |
| **Plaintiff,** | § § | |
| v. | § § § | FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |
| **CONTRACT LAND STAFF, LLC** | § § § | |
| **Defendant.** | § § | |

**JOINT MOTION FOR APPROVAL OF
CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE**

Plaintiff Cosmo Clark ("Clark") and Defendant Contract Land Staff, LLC ("CLS") (together, the "Parties") file this Joint Motion for Approval of Confidential Settlement Agreement and Release and in support would show as follows:

**I.    INTRODUCTION AND BACKGROUND.**

On July 24, 2020, Clark filed this collective action lawsuit under the Fair Labor Standards Act ("FLSA") against CLS on behalf of himself and a putative class of CLS's Right of Way Agents/Right of Way Associates who CLS classified as exempt employees and whom Clark claims CLS paid a day-rate. Doc. 1. Clark alleges CLS misclassified him and its other Right of Way Agents/Right of Way Associates as exempt employees and failed to pay them overtime in violation of the FLSA. *Id.*

CLS denied Clark's allegations and raised several affirmative defenses, including that Clark and its other Right of Way Agents/Right of Way Associates were exempt from the FLSA's overtime requirements and that CLS acted in good faith in classifying these workers as exempt. Doc. 9. CLS

denies Clark or any Right of Way Agent/Right of Way Associate is entitled to any recovery for any claim asserted or that could have been asserted. *Id.*

After extensive litigation, the Parties agreed to mediate on a limited class-wide basis. Prior to mediation, CLS provided extensive, detailed time records and payroll information for each Plaintiff and Potential Class Member (as defined in Paragraph 2(t) of the Parties' Settlement Agreement and Release ("Agreement")) to Class Counsel to determine each Plaintiff/Potential Class Members' alleged damages, if any. On January 4, 2022, the Parties attended a full-day mediation with experienced wage-and-hour mediator Dennis Clifford. After extensive arms-length negotiations, a full-day mediation, and given the respective costs of litigation, the potential for appeal, and other time considerations, the Parties reached an agreement in principle at the end of January 2022 that they believe is fair and reasonable under the circumstances. The Parties then spent considerable time negotiating the terms of their confidential settlement Agreement, which was accepted by CLS and Clark (individually and on behalf of Potential Class Members) by executing the Agreement. The Parties' confidential Agreement is attached as Exhibit A (filed under seal).

Over the life of this action, the Parties conducted extensive discovery, filed multiple pleadings with this Court regarding collective action certification, investigated the supporting facts, and thoroughly studied the legal principles applicable to the claims and defenses asserted. Based upon the Parties' investigation, legal evaluation, and assessment of the contested legal and factual issues involved in this action, including the Parties' understanding of the uncertainties of continued litigation and the relative benefits to be conferred upon Clark and the Potential Class Members pursuant to the Agreement, the Parties concluded that this settlement is fair, reasonable, adequate, and in the best interests of everyone involved.

Without any admission of liability, CLS desires to compromise and settle this action and all claims by Clark and the Potential Class Members pertaining to the payment of wages during the

Class Period (as defined in Paragraph 2(h) of the Parties' Agreement) including, but not limited to, claims under the FLSA, or any other federal, state, or local law for alleged unpaid overtime wages, underpaid wages, unpaid wages, liquidated damages or any other damages, penalties, restitution, attorneys' fees, costs, and interest.

As shown through this Motion, the Parties' proposed settlement is the result of arm's-length negotiations, conducted by experienced counsel for all Parties, after formally and informally exchanging information, and engaging in substantial negotiations over many months. The terms of the Agreement are reasonable and appropriate and fair to all Parties involved. Accordingly, the Parties jointly ask the Court to approve their confidential Agreement and settlement notice forms and procedures and to dismiss this action with prejudice as to Plaintiff and the FLSA Class Members (as defined in Paragraph 2(n) of the Parties' Agreement).

## II.    SETTLEMENT TERMS.

As set forth in detail in their Agreement, the Parties reached a settlement on behalf of Clark and the Potential Class Members. The Parties agreed to a Gross Settlement Amount (as defined by Paragraph 2(p) to the Agreement) encompassing settlement payments to Clark and the FLSA Class Members, Class Counsel's Fee Amount (as defined by Paragraph 2(o) to the Agreement), Class Counsel's Attorney Costs and Expenses (as defined by Paragraph 2(d) to the Agreement), and an Enhancement Award to Clark (as defined by Paragraph 2(l) of the Agreement).

Pursuant to their Agreement, the Parties agreed to send each Plaintiff and Potential Class Member notice of the settlement (attached as Exhibits 1-2 to the Parties' Agreement), including the amount of their Settlement Award (as defined by Paragraph 2(y) of the Agreement), and to provide them an opportunity to join the settlement and receive their Settlement Award. The Settlement Award is Clark's and each Potential Class Member's *pro rata* share of the Net Settlement Amount (as defined by Paragraph 2(q) of the Agreement). To join the settlement and receive a Settlement

Award, the Parties agreed the Potential Class Members must complete and execute an agreed upon Settlement Claim Form (as defined by Paragraph 2(z) of the Agreement and attached as Exhibit 3 to the Parties' Agreement) and return the same to Class Counsel within the Response Period.

Clark's and each Potential Class Member's *pro rata* Settlement Award is based on the number of weeks they worked during the Class Period. To calculate the Settlement Award, the Parties calculated CLS's share of Clark's and each Potential Class Member's alleged back wages under the FLSA using: (1) the total number of weeks Clark and each Potential Class Member worked during the Class Period; (2) Clark's and the Potential Class Member's compensation rate; and (3) the average estimated hours per week worked by Clark and each Potential Class Member. Using this damage model, the Parties applied Clark's and each Potential Class Member's *pro rata* share to the Net Settlement Amount to determine their Settlement Award.

Half of each FLSA Class Member's Settlement Award will be subject to applicable taxes and withholdings and paid through an IRS Form W2. CLS will be responsible for its share of taxes, separate and apart from the agreed upon Settlement Award. The other half of each FLSA Class Member's Settlement Award will be paid through an IRS Form 1099.

### III.   ARGUMENT.

The Parties now seek Court approval of their confidential Agreement (and corresponding notice of settlement and Settlement Claim Form, attached as Exhibits 1-3 to the Parties' Agreement).

Pursuant to the terms of the Agreement, the Parties have agreed to keep the terms of their Agreement confidential (as detailed in Paragraph 5 of the Agreement). Confidentiality is a material term of the Parties' agreement. The Parties' confidential Agreement was arrived following good-faith negotiations on behalf of the Parties and a desire for privacy by all involved. And when an agreement containing a confidentiality provision is filed with the Court, it should be filed under seal.

*See Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 953-54 (5th Cir. 2001).

The Agreement represents a fair compromise of a *bona fide* dispute concerning the legality of CLS's compensation practices with respect to Plaintiff and the Potential Class Members. The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Villeda v. Landry's Rests., Inc.,* No. H–08–2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir.1982)). "If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Villeda,* 2009 WL 3233405, at *1 (quoting *Lynn's,* 679 F.2d at 1354). When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a *bona fide* dispute over the FLSA's provisions. *See Lynn's Food Stores*, 679 F.2d at 1355.

**A.** **_BONA FIDE_ DISPUTE EXISTED.**

Congress recognized that due to the unequal bargaining power between employers and employees, certain segments of the population required federal compulsory legislation to prevent private contracts that endangered national health and efficiency and the free movement of goods in interstate commerce. *See Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706-07(1945) (explaining the low standard for judicial review of FLSA settlement approvals when the parties are represented by counsel).[1] Due to this unequal bargaining power, courts must ensure that a settlement agreement, following an FLSA claim, is the product of a *bona fide* dispute.

---

[1] *See also Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) (in deciding whether the proposed settlement reflects a "reasonable compromise" of a *bona fide* dispute, the court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement).

5

Here, the Parties contested the claims and defenses asserted. Clark alleged CLS misclassified him and its other Right of Way Agents/Right of Way Associates as exempt employees and failed to pay them overtime (instead, paying them a day-rate) in accordance with the FLSA. Doc. 1. In contrast, CLS claimed it properly classified these workers as exempt employees, paid them on a salary basis, and was thus not required to pay them overtime under the FLSA. Doc. 9.

Clark further argued he was similarly situated to CLS's other Right of Way Agents/Right of Way Associates in terms of relevant job duties and compensation, regardless of any individualized factors. On the other hand, CLS maintained that Clark was not similarly situated to other Right of Way Agents/Right of Way Associates and their claims, if any, should be tried independent of each other. The Parties further disagreed as to whether Clark could satisfy his burden to demonstrate CLS acted willfully (which, in turn, affected whether Clark could recover damages for two or three years), in the event of any liability by CLS (which, as discussed above, CLS denied). *See* 29 U.S.C. § 255. Clark also contends CLS could not meet its burden to prove it acted in good faith, which would implicate the amount, if any, of liquidated damages. *See* 29 U.S.C. § 260. In contrast, CLS maintained that, at all times, it acted in good faith in classifying Clark and its other Right of Way Agents/Right of Way Associates as exempt based on, among other considerations, its reliance on written guidance from the U.S. Department of Labor, and damages, if any, should be unliquidated and recovered only for only a two-year period, at most.

As shown above, the current settlement before the Court is the result of a *bona fide* and contested dispute where serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt. Without the Parties' willingness to entertain settlement discussions over the course of several months, this case would not have resolved and further litigation would ensue.

B. **FAIR AND REASONABLE SETTLEMENT.**

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.,* 2010 WL 1688793, at *1 (M.D. La. 2010) (citing *Camp v. Progressive Corp.,* 2004 WL 2149079, at *5 (E.D. La. 2004)). As well, "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

The Agreement was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Both sides have considerable experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and in this case, were particularly well informed as to the facts and circumstances of the lawsuit. *See Cotton v. Hinton*, 559 F. 2d 1326, 1330 (5th Cir. 1977) (finding the court is "entitled to rely upon the judgment of experienced counsel for the parties" in assessing a settlement and "absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel"); *Shaw v. CAS, Inc.*, No. 5:17-cv-142, 2018 WL 3621050, at *3 (S.D. Tex. Jan. 31, 2018) (approving settlement where counsel believed settlement was reasonable and adequate based on "comprehensive knowledge of the facts and legal issues"); *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05-1969, 2009 WL 2856246, at *4 (E.D. La. Aug. 28, 2009) ("The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a . . . settlement.") (internal citations omitted); *see also Austin v. Pennsylvania Dep't of Corrs.*, 876 F. Supp. 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight.").

Additionally, resolution was reached through a comprehensive mediation process with an

experienced FLSA wage-and-hour mediator following a full-day mediation. And after the Parties reached an agreement in principle on the settlement, the Parties engaged in extensive negotiations concerning the specific terms of the settlement and the scope of their Agreement. The settlement documents ultimately approved and executed by the Parties are the result of comprehensive discussions, as well as exhaustive and hard-fought negotiations.

Finally, it is important to note that Clark, the representative plaintiff on behalf of the Potential Class Members, deems this settlement fair and reasonable. Clark took an active role in this action, staying informed on its status almost monthly, participating in discovery, and participating in the mediation.

**1.  Reasonableness of the Fee Award.**

Class Counsel's Fee Amount is part of the Parties' bargained for settlement Agreement. The Parties agreed to set Class Counsel's Fee Amount at 40% of the Gross Settlement Amount exclusive of Attorney Costs and Expenses. This is the agreement the Parties have presented to the Court for approval. *See Evans*, 475 U.S. at 727 ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) (holding, in a class action, "the court cannot modify the bargained-for terms of the settlement agreement"); *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891, 944 (E.D. La. 2012) ("[T]he Court is not authorized to insist upon changes that, in its judgment, might lead to a superior settlement."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014).

Supreme Court precedent not only permits, but also endorses settlement of attorney's fees in aggregate litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee."). FLSA authority suggests that, when the Parties agree to the settlement

of attorneys' fees under the circumstances that exist here, that should end the matter. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("parties [are] entitled to settle the attorney fee issue, and no law g[ives a] district court authority to interfere with that unconditional right"). The Parties reached agreement on Class Counsel's Fee Amount, and to the extent approval is necessary, it should be given here.

The Fifth Circuit has approved contingency fees in the range of 35 to 40% in FLSA cases like this. *See, e.g.*, *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Courts in this Circuit routinely approve settlements in FLSA cases that include an agreed upon fee similar to the one Class Counsel and CLS agreed to here. *See Whitaker v. BHP Billiton Petroleum (Americas) Inc.*, No. 4:17-cv-02698, at ECF No. 30 (S.D. Tex. Aug. 7, 2019) (approving 40% fee in FLSA settlement); *Jones v. Bison Drilling and Field Services, LLC*, No. 7:17-cv-00167, at ECF Nos. 32 & 35 (W.D. Tex. Feb. 2019) (same); *Brite v. Great Plains Analytical Services, Inc.*, No. 7:18-cv-00153, at ECF No. 24 (W.D. Tex. Feb. 12, 2019) (same); *Matthews v. Priority Energy Servs., LLC*, No. 6:15CV448, 2018 WL 1939327, at *1 (E.D. Tex. Apr. 20, 2018), adopted, 2018 WL 2193030 (E.D. Tex. May 11, 2018) (same); *Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (same); *see also Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (approving attorney fees of 40%).

In evaluating a contingency fee award, the Court may look at the factors set forth in *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717-20 (5th Cir. 1974). The *Johnson* factors include the following of import in this case: (1) the time and labor required; (2) the novelty and difficulty of the questions posed; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the

attorneys; and (10) awards in similar cases. *Id.*

Regarding the time and efforts required of Class Counsel (factors 1 and 7), the Parties engaged in extensive disputes regarding Court authorized notice and conditional certification, discovery, exemption status, recent decisions concerning the salary basis test, damage models, and damage calculations. This represents a significant devotion of time to reach resolution of this case. Further, this case has been pending for nearly two years.

Second, the separately negotiated, agreed contingency fee (factors 5, 6, and 10) in the Professional Services Agreement between Clark and Class Counsel provides for a contingency fee of 40% of the gross settlement amount, which is in line with Fifth Circuit precedent. Clark was aware of, and agreed to, the contingency fee nature of the relationship.

Next, Class Counsel's skill, knowledge, reputation, and experience (factors 2, 3, and 9) are well-recognized in FLSA cases such as this. *See, e.g., Hughes v. Gulf Interstate Field Servs.*, 878 F.3d 183, 184 (6th Cir. 2017); *Roussell v. Brinker*, 441 Fed. App'x 222 (5th Cir. 2011); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006). FLSA collective action cases such as this are the focus of Class Counsel's substantial docket. Both JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC are based in Texas and have a national docket of FLSA cases, with litigation across the United States. In recent years, Class Counsel's docket has carried around or over 250 cases involving collective action claims for workers.

Class Counsel's experience has caused them to review and become familiar with a large body of documents and information concerning FLSA litigation, which benefits cases such as this and maximizes the settlement value of the case. Class Counsel's experience in this field has also resulted in a familiarity with the evidence and testimony necessary to the successful prosecution of cases like this. Indeed, as one court expressly noted regarding Class Counsel, "the firms involved in this case on the Plaintiffs' side [including BRUCKNER BURCH] are **among the most experienced and best**

10

**regarded in this specialized practice area**." *Kurgan v. Chiro One Wellness Ctrs., LLC*, No. 10-CV-1899, 2015 WL 1850599, at *4 (N.D. Ill. Apr. 21, 2015). Further, Class Counsel's acceptance of this case (factor 4), and the considerable time that it has taken to work this case, has precluded time that they could have spent pursuing other matters.

As part of the Agreement, the Parties have agreed that Class Counsel is entitled to a Fee Amount totaling of 40% of the gross settlement amount. This is the agreement that the Parties have presented to the Court for approval. *See Evans*, 475 U.S. at 726-27. For the reasons outlined herein, the Parties believe the Fee Amount of 40% of the Gross Settlement Amount is in line with the amount of fees approved in FLSA settlements and should be approved in this case.

### 3. Reasonableness of the Enhancement Award.

In bringing claims against CLS for its alleged wage and hour violations on behalf of the Potential Class Members, Clark expended significant effort and time in educating Class Counsel regarding the Right of Way Agent/Right of Way Associates' job experiences and CLS's policies and procedures. Clark participated in the conditional certification process and participated in the discovery process (both formally and informally). Clark also participated in numerous of telephone conferences with Class Counsel and their staff over the course of this action.

Because Clark worked diligently in representing the interests of the Potential Class Members to ensure they could recover the wages they are allegedly due, the proposed Enhancement Award agreed to by the Parties is reasonable to compensate him.

## IV. CONCLUSION.

The Parties believe that the terms and conditions of the Agreement are fair, reasonable, adequate, beneficial, and in the best interests of all parties. As noted above, this proposed Agreement was reached following the exchange of information and data and after extensive negotiations. Because of the various defenses asserted by CLS and the possibility that CLS may have

successfully defeated or limited some or all of Clark's and Potential Class Members' claims, including those claims related to certification, willfulness, liquidated damages, and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of a *bona fide* dispute. Moreover, given the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all parties from incurring the additional costs and delay associated with trial and possibly appeal and helps to conserve valuable judicial resources.

The Parties hereby request that the Court: (1) approve this settlement, including all the terms set forth in the Agreement; (2) approve the Parties' proposed settlement notice and settlement opt-in procedures and the Settlement Claim Form attached as Exhibits 1-3 to the Agreement; (3) order that the Agreement be sealed from the public record; and (4) dismiss this action and Clark's and the FLSA Class Members' claims against CLS with prejudice.

Respectfully submitted,

By: /s/ *Carl A. Fitz*
   **Michael A. Josephson**
   Fed. Id. 27157
   State Bar No. 24014780
   mjosephson@mybackwages.com
   **Andrew W. Dunlap**
   Fed. Id. 1093163
   State Bar No. 24078444
   adunlap@mybackwages.com
   **Carl A. Fitz**
   Fed. Id. 3158237
   State Bar No. 24105863
   cfitz@mybackwages.com
   **JOSEPHSON DUNLAP, LLP**
   11 Greenway Plaza, Suite 3050
   Houston, Texas 77046
   713-352-1100 – Telephone
   713-352-3300 – Facsimile

   AND

        **Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**COUNSEL FOR PLAINTIFF**

AND

By: */s/ Meghaan C. Madriz*
Fed. Id. 1062431
State Bar No. 24070241
mmadriz@mcguirewoods.com
**MCGUIRE WOODS LLP**
600 Travis Street, Suite 7500
Houston, Texas 77002
832-255-6365 – Telephone
832-214-9935 – Facsimile

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically transmitted the attached document to all counsel of record using the ECF system for filing.

*/s/ Carl A. Fitz*
Carl A. Fitz